```
                                                          FILED
                                                    U.S. DISTRICT COURT
                                                    DISTRICT OF WYOMING

                                                       FEB 17 2011

                                                    Stephan Harris, Clerk
                                                         Cheyenne
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MAVERIK, INC.,<br><br>Defendant. | Case No. 10–CV-212-F |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

This matter is before the Court on Defendant's Motion to Dismiss. The Court having read the parties' submissions and the responses thereto, having heard oral argument of counsel and being otherwise fully advised, and in accordance with its oral ruling from the bench at the hearing, as reflected more fully on the record of the proceedings, **FINDS** and **ORDERS** as follows:

### STATEMENT OF THE CASE

Plaintiff Equal Employment Opportunity Commission ("EEOC") is an agency of the United States of America charged with administration, interpretation and enforcement of

Exhibit 3

Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117. Maverik Inc. ("Maverik") is a Wyoming corporation providing fuel services and groceries at locations in seven western states, including Wyoming. Plaintiff EEOC brings this case pursuant to Title I of the ADA to redress unlawful employment practices that the EEOC alleges Maverik perpetrated against its former employee, Randy A. Ramos, who had been diagnosed with human immunodeficiency virus (HIV). EEOC asserts two ADA violations against Maverik related to Ramos's termination from employment in March 2008 after nearly three years on the job.

First, EEOC alleges Maverik was aware of Ramos's disability and failed to provide legally required accommodations for Ramos's HIV-related disability pursuant to 42 U.S.C. §§ 12112(a), 1211(b)(5)(A). EEOC accuses Maverik of refusing to engage Ramos in good faith discussions concerning his request for accommodations. EEOC further alleges that as a result of Maverik's failures, Ramos was deprived of numerous employment rights guaranteed by law. Second, EEOC accuses Maverik of wrongfully terminating Ramos's employment because of his HIV-related disability and the need for accommodation in violation of 42 U.S.C. §§ 12112(b)(5)(B). EEOC alleges that as a result of the unlawful termination Ramos was deprived of a number of legally protected employment rights.

### DISCUSSION

Defendant brings this motion seeking dismissal of Plaintiff's claim of failure to provide a reasonable accommodation for a disability. Defendant argues that the Court lacks subject-matter jurisdiction over the claim and seeks to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff failed to exhaust its administrative remedies.

Plaintiff responds that exhaustion is not a jurisdictional prerequisite, rather it is a element of the claim for relief, fact-specific in nature, making it a proper question for jury determination, not judicial determination. Plaintiff makes this assertion pursuant to the "bright-line" rule the U.S. Supreme Court articulated in *Arbaugh v. Y&H Corp.,* 546 U.S. 500 (2006) and *Jones v. Bock*, 549 U.S. 199, 212 (2007). Alternatively, Plaintiff argues it has satisfied all the requirements for exhaustion.

In *Arbaugh*, the Supreme Court considered whether a Title VII provision limiting the definition of "employer" to those with "fifteen or more employees" was a jurisdictional requirement or merely an element of the claim. 546 U.S. at 513-514. The Court held that it was an element of the claim. In doing so, the Court created a "bright-line" rule: "[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id.* at 516. In other words, courts must presume no jurisdictional requirement unless Congress clearly states otherwise. The Supreme

Court confirmed the bright-line rule in *Jones*, holding that administrative exhaustion was not a jurisdictional requirement of the Prison Reform Litigation Act because Congress did not clearly state otherwise. *Jones*, 549 U.S. 212.

The Court finds, applying the *Arbaugh* bright-line rule, that administrative exhaustion is not a jurisdictional requirement in this case. The ADA does not contain any clear statutory provisions requiring exhaustion of administrative remedies as a prerequisite to subject matter jurisdiction. The Court recognizes that the Tenth Circuit declined to adopt the bright-line rule when it decided *Logsdon v. Turbines, Inc.*, No. 09-6296, 2010 WL 4118811, 2 n.2 (10th Cir. Oct. 20, 2010). However, this Court will follow the guidance of the U.S. Supreme Court as set forth in *Arbaugh* and *Jones*. Given the Court's ruling, it is not necessary to determine whether the EEOC satisfied its exhaustion requirements, this issue requires the review of extraneous facts, which are not suitable for determination at this time.

**IT IS THEREFORE HEREBY ORDERED**, Defendant's Motion to Dismiss is **DENIED**.

Dated this 17th day of February, 2011.

NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE