## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv- 01232-LTB-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

v.

COLLEGEAMERICA DENVER, INC.,
n/k/a CENTER FOR EXCELLENCE IN HIGHER EDUCATION, INC.,
d/b/a COLLEGEAMERICA,

      Defendant.

---

## STIPULATED PROTECTIVE ORDER ( Docket No 22-1)

---

    This matter comes before the Court on the Parties' Stipulated Motion for Entry of Protective Order. The Court has reviewed that Motion. The Parties have shown good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information. Therefore, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and the practice standards of the judicial officer presiding over this case.

    2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.   Information designated "CONFIDENTIAL" shall be information that implicates common law or statutory privacy and/or confidentiality interests such as: (a) personnel records of current or former employees of Defendant; (b) Defendant's trade secrets and commercial or financial information that are either privileged or confidential; and (c) medical, financial, and tax records of Debbi D. Potts, Defendant's employees, and any other witness in this case. CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case.

4.   CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the Party producing it or further Order of the Court, be disclosed, *except that* such information may be disclosed to:

   (a)   attorneys actively working on this case;

   (b)   persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   (c)   the parties and the designated representatives for the Parties;

   (d)   expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

   (e)   the Court and its employees ("Court Personnel");

   (f)   stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     deponents, witnesses, or potential witnesses to the extent that such

disclosure is necessary for preparation, trial, or other proceedings in this

cases;

(h)     Charging Party Debbi D. Potts; and

(i)     other persons by written agreement of the Parties.

5.      Prior to disclosing any CONFIDENTIAL information to any person listed above

(other than counsel, persons employed by counsel, Court Personnel, deponents, and stenographic

reporters), counsel shall provide such person with a copy of this Protective Order, explain the

person's obligations under the Protective Order, and obtain the person's agreement to comply

with the protective Order.

6.      The producing Party may designate a document as CONFIDENTIAL by placing

or affixing on them (in a manner that will not interfere with their legibility) the following:

"CONFIDENTIAL."

7.      Before any information is designated "CONFIDENTIAL," counsel of record for

the designating Party must first review the information and make a determination, in good faith,

that it is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

8.      Whenever a deposition involves the disclosure of CONFIDENTIAL information,

the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to

the provisions of this Protective Order. Such designation shall be made on the record during the

deposition whenever possible, but a Party may designate portions of depositions as

CONFIDENTIAL after transcription, provided written notice of the designation is promptly

given to all counsel of record within forty-five (45) calendar days after notice by the court

3

reporter of the completion of the transcript. The designating Party shall direct the court reporter

to affix the appropriate confidentiality stamp to any portion of the original transcript, and to that

portion of all copies of the transcript.

9. A Party may object to the designation of particular CONFIDENTIAL information

by giving written notice to the Party designating the disputed information. The written notice

shall identify the information to which the objection is made. If the Parties cannot resolve the

objection within ten (10) business days after the time the notice is received, it shall be the

obligation of the Party designating the information as CONFIDENTIAL to file an appropriate

motion within thirty (30) calendar days after the notice is received, requesting that the Court

determine whether the disputed information should be subject to the terms of this Protective

Order. If such a motion is timely filed, the disputed information shall be treated as

CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If

the designating Party fails to file such a motion within the prescribed time, the disputed

information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as

CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed

under this provision, the Party designating the information as CONFIDENTIAL shall bear the

burden of establishing that good cause exists for the disputed information to be treated as

CONFIDENTIAL.

10. This protective Order may be modified by the Court at any time for good cause

shown following notice to all Parties and an opportunity for them to be heard.

4

DATED at Denver, Colorado, this _9th_ day of February, 2015.

BY THE COURT:

_____

MICHAEL J. WATANABE
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLORADO

APPROVED:

/s/ _D. Andrew Winston_

Senior Trial Attorney
Equal Employment Opportunity Commission
Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO 80203
Telephone: 303.866.1361
E-Mail: andrew.winston@eeoc.gov

Attorney for Plaintiff

/s/ _Thomas E.M. Werge_

Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
E-Mail: martin@wtotrial.com
        may@wtotrial.com
        werge@wtotrial.com

Attorneys for Defendant