IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 14-cv-01232-LTB-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

COLLEGEAMERICA DENVER, INC., n/k/a CENTER FOR EXCELLENCE IN HIGHER EDUCATION, INC., d/b/a COLLEGEAMERICA,

    Defendant.

_____

ORDER
_____

    This case is before me on Plaintiff EEOC's Motion for Jury Trial [Doc # 20]. The EEOC concedes that it failed to demand a jury trial within the time set forth in Fed. R. Civ. P. 38(b) but asks that I exercise my discretion under Fed. R. Civ. P. 39(b) to nonetheless order a jury trial on its claim for retaliation under the ADEA. In support of its request, the EEOC notes that it did request a jury trial on the Civil Cover Sheet filed with its Complaint and that this case is in its earliest stages with no discovery undertaken and no trial date set. The EEOC also notes that the Tenth Circuit has stated that in exercising its discretion under Rule 39(b), a court "should grant a jury trial in the absence of strong and compelling reasons to the contrary." *AMF Tuboscope, Inc. v. Cunningham,* 352 F.2d 150, 155 (10th Cir. 1965).

    Defendant objects to the EEOC's request and cites the relatively small amount of monetary damages the EEOC seeks to recover and the case of *Nissan Motor Corp. v. Burciaga,* 982 F.2d 408 (10th Cir. 1992), as grounds for its denial. In *Nissan*, the Tenth Circuit held that

the district court did not abuse its discretion in denying the petitioner's untimely request for a jury trial under Rule 39(b) where the petitioner's failure to make a timely jury demand was the result of "mere inadvertence." *Id.* at 409. The untimely request for a jury trial at issue in *Nissan,* however, was made more than two years after the case was filed. *Id.*

Under the circumstances of this case, I conclude that there is no strong or compelling reason to deny the EEOC's request for a jury trial. Conversely, there are many factors that weigh in favor of granting the EEOC's request including the fact that the right to a jury trial is a fundamental right. *AMF Tuboscope, Inc.,* 352 F.2d at 155. In addition, the EEOC made its request for a jury trial less than two months after the deadline under Rule 38(b) had passed, and Defendant will not suffer any delay or prejudice from the granting of the EEOC's request since this case is in its earliest stages.

IT IS THEREFORE ORDERED that the EEOC's Motion for Jury Trial [Doc # 20] is GRANTED on all issues triable to a jury.


Dated: May __1__, 2015 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE