IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01232-LTB-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff(s),

v.

COLLEGEAMERICA DENVER, INC.,
n/k/a CENTER FOR EXCELLENCE IN HIGHER EDUCATION, INC.,
d/b/a COLLEGEAMERICA,

Defendant(s).

---

**ORDER REGARDING DEFENDANT'S MOTION TO COMPEL
(DOCKET NO. 48)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant's Motion to Compel (docket no. 48). The court has reviewed the subject motion (docket no. 48), the response (docket no. 52), and the reply (docket no. 61). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That in this case, the Plaintiff EEOC's [hereinafter "EEOC"] only remaining claim is a retaliation claim premised on the Participation Clause of the anti-retaliation provision of the ADEA, 29 U.S.C. § 623(d), which mirrors the Participation Clause in Title VII, 42 U.S.C. § 2000e-3(a).  In essence, the EEOC claims that Ms. Potts participated in a statutorily-established right to file a charge of discrimination and that Defendant retaliated against her for doing so by filing and continuing to litigate the state lawsuit against her.

5. That in the subject motion (docket no. 48), the Defendant is requesting this court enter an Order compelling the EEOC to respond fully and completely to Defendant's Request for Production of Documents ("RFP") Nos. 8, 9, and 10.  As to RFP Nos. 9 and 10, the Defendant has limited the scope to information contained in Ms. Potts' (1) Facebook Messages and (2) LinkedIn Messages only.  As to RFP No. 8, the Defendant has limited the scope of the responsive messages to a period of time between the dates of September 1, 2012, to March 21, 2013.  See pages 15 and 16 in docket no. 48.

6. That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of

2

> discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).  However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."  Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004).  "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from

annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id.  See Fed. R. Civ. P. 26(b) and (c);

7. That Plaintiff served Interrogatory 9 upon Defendant.

    **Interrogatory 9 states:** "Identify all statements you contend Debbi Potts made that disparaged the reputation of CollegeAmerica, Denver, Inc., or any of its related entities.  Your response should include to whom each statement was made, and the means by which Ms. Potts made each statement (email, verbal, etc.);"

8. Defendant's **response to Interrogatory 9** was as follows:

    "Defendant objects to Interrogatory No. 9 to the extent it requests identification of the disparaging statements made by Ms. Potts other than the statements Defendant knew about when it filed the county court lawsuit against Ms. Potts.  Although Ms. Potts has made many additional disparaging statements about Defendant after she signed the non-disparagement agreement, because the only remaining issue in this litigation is whether Defendant filed the county court lawsuit in retaliation for the fact that Ms. Potts filed her first charge of discrimination with the EEOC, disparaging statements that Defendant learned about after the filing of the lawsuit are irrelevant.

    Subject to and without waiving these objections, the

4

disparaging statements Defendant was aware of when it made the decision to file the lawsuit are identified below. All of these statements were made in LinkedIn communications between Ms. Potts and Kenneth Barnhart which have previously been produced by Defendant. (Bates CEHE_00109-00111).

1. "The Company is in trouble... deep trouble."
2. "The scholarship crap is a scam."
3. "I was directed by BT to lie during the ACCSC visit."
4. Ms Potts referred to Carl Barney, Defendant's Chairman, as "crazy."
5. "Nathan is weak and inept" referring to the Director of Defendant's Denver campus.
6. "Crazy stuff happened to me when I left the company, they don't like it when people leave them... they get really mean.""

9. That Defendant **first** argues that the information requested in RFP Nos. 8, 9, and 10 are relevant to EEOC's remaining claim and theory of EEOC's case and may lead to the discovery of admissible evidence. **Second**, Defendant argues that Ms. Potts' emails and other social media communications could address relevant issues in this case. Such emails or social media communications could

show: (1) that Ms. Potts had no intention when she signed the Agreement to honor the commitments she made in the Agreement; (2) Ms. Potts knew she was engaging in conduct that violated the Agreement; (3) that Ms. Potts dared the College to sue her and would claim discrimination if it did; (4) that Ms. Potts viewed the Agreement as a joke and that the College would never discover that she was not going to honor it; and (5) that Ms. Potts expressed to her friends and former colleagues that she was going to file an EEOC charge so that, when the College filed their lawsuit for breach of the agreement, she could claim it was discriminatory. **Third**, Defendant argues that such information requested is relevant and discoverable for the purposes of cross examining and impeachment of Ms. Potts as well, noting that Ms. Potts is likely a key witness for the EEOC in this case. **Fourth**, Defendant argues that it proposed to the EEOC that they retain jointly a computer specialist, at Defendant's expense, to conduct the search and provide only responsive emails, thereby avoiding any cost to the EEOC. The only burden remaining on the EEOC would be in conducting a limited privilege review. **Fifth**, the Defendant proposed that the parties enter into a Fed. R. Civ. P. 502(d) Order to avoid any inadvertent waiver of privilege. **Sixth,** Defendant agreed to narrow the time frame for Ms. Pott's emails **from September 1, 2012 (the date of the Agreement), to March 21,**

**2013 (the date Ms. Potts was served with the Larimer County Court beach of contract [*breach of the non-disparagement clause of the Agreement*] lawsuit, Case No. F13C31608, Division 4D - 'the State Lawsuit")**;

10. That the EEOC argues that the information requested in RFP Nos. 8, 9, and 10 are irrelevant, that Defendant is improperly seeking discovery in this case for its pending state case [i.e., Larimer County Court with limited discovery under County Court Procedure Rule 316] against Ms. Potts to which it is not entitled, and that Defendant is engaged in a "fishing expedition" for the purposes of other contemplated retaliatory litigation.  Furthermore, EEOC argues that the only emails of Ms. Potts that are relevant to the remaining retaliation claim in this case have already been provided to Defendant.  *See* above paragraph 7 in this Order.  Further, the EEOC argues that the requested information is disproportionate as to the burden and costs it places on the EEOC, noting that as of the date of the EEOC's response (docket no. 52), the damages the EEOC seeks in this case is limited to costs and attorney fees which presently total less than $3,000.  Lastly, the EEOC is not seeking to recover back pay on behalf of Ms. Potts in this case and it cannot seek compensatory or punitive damages on behalf of Ms. Potts under the ADEA; and

11. That the information sought by Defendant in  RFP Nos. 8, 9, and 10

is relevant, discoverable, and may lead admissible evidence at trial, and the subject motion (docket no. 48) should be granted for those reasons stated above.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS:**

1. That Defendant's Motion to Compel (docket no. 48) is **GRANTED**. Plaintiff EEOC shall provide to Defendant full and complete responses to Defendant's RFP Nos. 8, 9, and 10 on or before October 23, 2015. The responses to RFP Nos. 8, 9, and 10 shall be limited to Ms. Potts' Facebook Messages and LinkedIn Messages **only** for the period of time from September 1, 2012, to March 21, 2013. Responses to RFP Nos. 8, 9, and 10 are subject to the written Protective Order (docket no. 22-1) entered in this case on February 9, 2015 (docket no. 27); and

2. That each party shall pay their own attorney fees and costs for this motion. Done this 21st day of September 2015.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE