IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01232-LTB-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff(s),

v.

COLLEGEAMERICA DENVER, INC.,
n/k/a CENTER FOR EXCELLENCE IN HIGHER EDUCATION, INC.,
d/b/a COLLEGEAMERICA,

Defendant(s).

---

## ORDER REGARDING
## PLAINTIFF EEOC's MOTION TO COMPEL (docket no. 70)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff EEOC's Motion to Compel (docket no. 70). The court has reviewed the subject motion (docket no. 70) and the response (docket no. 75). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

  1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

  2. That venue is proper in the state and District of Colorado;

  3. That each party has been given a fair and adequate opportunity to

be heard;

4. That only the third claim for relief by the Plaintiff EEOC is currently at issue. The third claim asserts that on March 25, 2013, College America violated Section 4(d) of the ADEA, 29 U.S.C. § 623(d), by filing a retaliatory lawsuit against Debbi Potts in Larimer County, Colorado, because Potts filed a charge of discrimination with the EEOC alleging violations of the ADEA. See docket nos. 1 and 1-1 at paragraphs 12-23, 43-46 on pages 12-14;

5. That in the subject motion (docket no. 70), the Plaintiff EEOC ("Plaintiff") seeks an Order from this court compelling Defendant College America ("Defendant") to respond fully to Plaintiff EEOC's Interrogatories ("ROG") numbered 1, 2, 3, 4, 5, and 6 and Requests for Production ("RFP") numbered 2, 3, 5, 10, and 11;

6. That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of

3

> the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id. See Fed. R. Civ. P. 26(c);

7. That as to **ROG. No. 1**, the Defendant's objections are overruled. Defendant has responded, *in part*, to ROG. No. 1 noting that Defendant provided the names of Eric Juhlin and Dina Roberson. However, Defendant responded only in a generic fashion as to the Defendant's Information Technology Team. Accordingly, Defendant shall provide to the Plaintiff the specific names and titles

4

**ONLY** of Defendant's Information Technology Team who provided. information in responding to Plaintiff's ROGS and RFPs;

8. That as to **ROG Nos. 2 and 3**, the Defendant's objections are sustained. Defendant has fully responded to ROG Nos. 2 and 3 for the relevant time frame. No further response is required;

9. That as to **ROG No. 4**, the Defendant's objections are sustained. Defendant has fully responded to ROG No. 4 for the relevant time frame. No further response is required. It should be noted that Defendant has provided Plaintiff with additional information as to ROG No. 4 as outlined in Defendant's response (docket no. 75) on page 9;

10. That as to **ROG No. 5**, the Defendant's objections are sustained. Defendant has fully responded to ROG No. 5 for the relevant time frame. No further response is required;

11. That as to **ROG No. 6**, the Defendant's objections are sustained. Defendant has fully responded to ROG No. 6. No further response is required;

12. That as to **RFP No. 2**, the Defendant's objections are sustained. Defendant has fully responded to RFP No. 2 for the relevant time frame. No further response is required;

13. That as to **RFP No. 3**, the Defendant's objections are sustained. Defendant has fully responded to RFP No. 3. No further response

5

is required;

14. That as to **RFP No. 5**, an *in camera* review of the personnel files for Kevin Barnhart and Eric Juhlin is needed before the court can properly rule on RFP No. 5. The personnel files for Kevin Barnhart and Eric Juhlin shall be submitted to this court, under restricted access level 2, for *in camera* review consistent with *Martinelli v. District Ct.*, 199 Colo. 163 (1980).  The court will review these personnel files and then enter a ruling on RFP No. 5; and

15. That as to **RFP Nos. 10 and 11**, the Defendant's objections are sustained.  Defendant has fully responded to RFP Nos. 10 and 11. No further response is required.

### ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS:**

1. That Plaintiff EEOC's Motion to Compel (docket no. 70) is **GRANTED IN PART, DENIED IN PART, and DEFERRED RULING IN PART;**

2. That the subject motion (docket no. 70) is **GRANTED** as to:

   a. ROG No. 1 - **on or before December 11, 2015,** Defendant shall provide to Plaintiff the specific names and titles **ONLY** of Defendant's Information Technology Team who provided information in responding to Plaintiff's ROGs and RFPs**;**

6

3. That the subject motion (docket no. 70) is **DENIED** as to:

   a. ROGs Nos. 2, 3, 4, 5, and 6.

   b. RFPs Nos. 2, 3, 10, and 11.

4. That ruling on RFP No. 5 in the subject motion (docket no. 70) is **DEFERRED** until after this court has an opportunity to review, *in camera*, the personnel files of Kevin Barnhart and Eric Juhlin. **On or before December 11, 2015,** Defendant shall file with the court, under restricted access Level 2, the personnel files for Eric Juhlin and Kevin Barnhart; and

5. That each party shall pay their own attorney fees and costs for this motion.

Done this 3rd day of December 2015.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE