IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01232-LTB-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff(s),

v.

COLLEGEAMERICA DENVER, INC.,
n/k/a CENTER FOR EXCELLENCE IN HIGHER EDUCATION, INC.,
d/b/a COLLEGEAMERICA,

Defendant(s).

## ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

On December 3, 2015, this court entered an Order Regarding Plaintiff EEOC's Motion to Compel (docket no. 70).  See Order (docket no. 77).  In the Order (docket no. 77), this court deferred ruling on part of the subject motion (docket no. 70) pertaining to Plaintiff EEOC's Request for Production No. 5 and ordered Defendant to file, *in camera*, and under restricted access Level 2, the personnel files of Eric Juhlin and Kevin [Kenneth] Barnhart by December 11, 2015.  Defendant filed the personnel files under restricted access Level 2 for Eric Juhlin and Kevin [Kenneth] Barnhart on December 10, 2015.  See personnel files (docket no. 80)

The court has now reviewed, *in camera*, the personnel files submitted by Defendant and the court finds:

   1.   That bates stamped numbers CEHE 00645 through CEHE 00743,

2

inclusive, are the personnel file for Kevin [Kenneth] Barnhart that was submitted by the Defendant;

2. That bates stamped numbers CEHE 00744 through CEHE 00753, inclusive, are the personnel file for Eric Juhlin that was submitted by the Defendant;

3. That as to the personnel file for Kenneth E. Barnhart, only bates stamped pages CEHE 00645 Separation/Exit Interview document and CEHE 00672 Information Letter are relevant, and the evidentiary objections by Defendant to these two bates stamped pages are overruled.  As to the remainder of the bates stamped numbers for the personnel file for Mr. Barnhart, the Defendant's evidentiary objections are sustained;

4. That the personnel file for Kenneth E. Barnhart that was submitted to this court does not contain a "severance agreement;" and

5. That as to the entire personnel file for Eric Juhlin that was submitted to this court, none of the information is relevant, and the evidentiary objections by Defendant are sustained.  There are no documents relating to Debbi Potts or any complaint against Mr. Juhlin for retaliation contained the personnel file for Eric Juhlin that was submitted to this court.

Accordingly, it is hereby **ORDERED** that this Court's Order Regarding Plaintiff EEOC's Motion to Compel (docket no. 70) [docket no. 77] is **AMENDED** as follows:

1. That as to **Plaintiff's RFP No. 5,** which this court had **DEFERRED** ruling until after, *in camera*, review of the personnel files for Kenneth E. Barnhart

3

and Eric Juhlin (docket no. 77), for Kenneth E. Barnhart), the Plaintiff EEOC's Motion to Compel (docket no. 70) is **GRANTED IN PART AND DENIED IT PART.  It is GRANTED** as to **only** bates stamped pages CEHE 00645 Separation/Exit Interview document and CEHE 00672 Information Letter in the personnel file for Kenneth E. Barnhart.  The remainder of the information requested in Plaintiff's RFP No. 5 is **DENIED;**

2. That Defendant shall provide Plaintiff EEOC with a copy of Kenneth E. Barnhart bates stamped pages CEHE 00645 Separation/Exit Interview document and CEHE 00672 Information Letter **on or before January 4, 2016;** and

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 17th day of December, 2015.

                                                s/ Michael J. Watanabe
                                                MICHAEL J. WATANABE
                                                United States Magistrate Judge