IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 14-cv-01232-LTB-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

COLLEGEAMERICA DENVER, INC., n/k/a CENTER FOR EXCELLENCE IN HIGHER EDUCATION, INC., d/b/a COLLEGEAMERICA,

    Defendant.

_____

ORDER
_____

This case is before me on Defendant CollegeAmerica Denver, Inc.'s ("CollegeAmerica") Motion for Attorneys' Fees [ Doc # 147]. After consideration of the motion, all related pleadings, and the case file, I deny CollegeAmerica's motion.

## I. Background

By Order dated December 2, 2014, I granted CollegeAmerica's motion to dismiss Plaintiff Equal Employment Opportunity Commission's (the "EEOC") first and second claims for relief but denied its motion to dismiss the EEOC's claim for retaliation under the Age Discrimination in Employment Act (the "ADEA"). *See* Doc # 16. Well over a year later after significant discovery, the parties proceeded to trial on the EEOC's retaliation claim. At the close of the EEOC's case, CollegeAmerica moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 but this motion was denied. The jury thereafter returned a verdict in favor of CollegeAmerica.

CollegeAmerica now seeks to recover the attorney fees it incurred in this case on and after

January 11, 2016 because it asserts that the deposition testimony given on that date by Debbi Potts, the party that CollegeAmerica was alleged to have retaliated against, conclusively established that the EEOC's retaliation claim had no merit. CollegeAmerica's request for attorney fees was initially predicated on three legal bases: (1) the ADEA; (2) the Court's inherent authority; and (3) the Equal Access to Justice Act (the "EAJA"). CollegeAmerica has since withdrawn its request for attorney fees under the EAJA, and I need only consider whether it is entitled to attorney fees under the ADEA and/or the Court's inherent authority.

## II. Analysis

### A. Ms. Potts' Deposition Testimony

Because CollegeAmerica's request for attorney fees under both the ADEA and the Court's inherent authority is predicated in large part on Ms. Potts' January 11, 2016 deposition testimony, close analysis of this testimony is warranted. CollegeAmerica argues that there was no merit to the EEOC's retaliation claim in light of Ms. Potts' deposition testimony that (1) she had notice that CollegeAmerica intended to sue her before she filed her first Charge of Discrimination; (2) she filed her first Charge of Discrimination because of CollegeAmerica's decision to sue her; (3) she used an ageist slur to refer to a co-worker; and (4) the allegations in her Charge of Discrimination were false.

First, the fact that Ms. Potts' had notice that CollegeAmerica intended to sue her for violating the terms of her termination agreement before she filed her first Charge of Discrimination did not preclude the EEOC from proving the causation element of its retaliation claim since the threat of litigation is not equivalent to the filing of a lawsuit. In addition, as I noted in my Order on CollegeAmerica's Motion to Dismiss, *see* Doc #16, CollegeAmerica did not sue Ms. Potts

2

immediately after she failed to return the $7,000 payment she received under her termination agreement but rather waited 43 days after the payment deadline had passed, or a mere 7 days after it received notice of Ms. Potts' first Charge of Discrimination, to file its lawsuit against her.

Second, the facts that Ms. Potts was motivated to file the first Charge of Discrimination because CollegeAmerica threatened to sue her or that Ms. Potts herself once used an ageist slur to refer to a co-worker do not conclusively establish that there was no merit to her Charge or to the retaliation claim that the EEOC filed on her behalf.

Finally, it is clear from her deposition testimony that there was little evidence to support the allegations in Ms. Potts' Charge of Discrimination that she was forced to quit her job with CollegeAmerica due to discrimination and that younger employees were given better severance packages than her. CollegeAmerica's affirmative defense that Ms. Potts did not have a reasonable and good faith belief in the allegations in her Charge was therefore a strong one. However, the admissibility of evidence relating to the merits of Ms. Potts' Charge was an issue of significant dispute between the parties, and Tenth Circuit law is somewhat ambiguous on this point. *Compare Vaughn v. Epworth Villa,* 537 F.3d 1147 (10th Cir. 2008) (recognizing that participation clause under Title VII provides broader protection than opposition clause and that district court erred in concluding that plaintiff had not engaged in protected activity based on "dishonest or disloyal" conduct in submitting unredacted medical records to the EEOC) *with Crumpacker v. Kan. Dept. of Human Resources,* 338 F.3d 1163 (10th Cir. 2003) (prior decisions interpreting Title VII as permitting retaliation claims based on unreasonable good-faith belief that underlying conduct violated Title VII were no longer good law). In fact, this issue was not decided by me until the commencement of trial.

3

In conclusion then, while Ms. Potts' January 11, 2016 deposition testimony may have undermined the EEOC's retaliation claim against CollegeAmerica, it did not conclusively establish that this claim was wholly without merit.

**B. Attorney Fees Under the ADEA**

Although the ADEA does not provide for an award of attorney fees, this Court has stated that attorney fees may be awarded to a prevailing defendant in an ADEA case upon a showing that the plaintiff litigated the action in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Taylor v. Hewett-Packard Co.,* 2008 WL 205613 at *2 (D. Colo. Jan. 24, 2008). This standard is more stringent than that which applies to Title VII cases. *Hughes v. Regents of Univ. of Colo.,* 967 F. Supp. 431, 444 (D. Colo. 1996).

In deciding whether to award attorney fees in an ADEA case, I initially look to whether the plaintiff established a prima facie case under the statute. *Taylor, supra.* In this case, the only element of the prima facie case that was at issue was causation, *i.e.,* whether College America failed its lawsuit against Ms. Potts because she filed her Charge of Discrimination with the EEOC. I denied CollegeAmerica's request to dismiss the EEOC's retaliation claim on this issue both before and during the trial based in large part on the timing of CollegeAmerica's filing of the lawsuit against Ms. Potts. Thus, I twice determined that the EEOC sufficiently stated a prima facie case of retaliation to have this question decided by the factfinder.

While a finding of subjective spite or animus may be sufficient to show bad faith even if a prima facie case can be made under the ADEA, there is insufficient evidence to support an award of attorney fees in this case on this basis. Prior to my Order dismissing two of the EEOC's claims, there was a broader scope to this case that at times continued to improperly impact discovery and

the trial of this case. These circumstances, however, do not demonstrate that the EEOC litigated its retaliation claim in bad faith or wantonly or to vex or oppress CollegeAmerica, particularly in light of the high standard for awarding attorney fees to a prevailing defendant in an ADEA case.

**C. Attorney Fees Pursuant to the Court's Inherent Authority**

Courts have inherent authority to award attorney fees to the prevailing party where "the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Timmons v. Lockheed Martin Corp.,* 2014 WL 235597 at*4 (D. Colo. Jan 22, 2014). This is the same standard set forth above for awarding attorney fees under the ADEA, and I have already concluded that this standard has not been satisfied under the facts and circumstances of this case. More specifically, a court may only use its inherent authority to award attorney fees "when there is 'clear evidence' that the losing party's claim was (1) 'entirely without color' and (2) 'asserted wantonly for purposes of harassment or delay, or for other improper purposes.'" *Id. (quoting F.T.C. v. Kuykendall,* 466 F.3d 1149, 1152 (10th Cir. 2006)). For the reasons set forth above, these requirements are likewise not satisfied in this case.

### IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that Defendant CollegeAmerica's Motion for Attorneys' Fees [ Doc # 147] is DENIED.

Dated: November   17  , 2016 in Denver, Colorado.

                              BY THE COURT:

                                s/Lewis T. Babcock
                              LEWIS T. BABCOCK, JUDGE