IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 14-cv-01232-LTB-SKC

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

COLLEGEAMERICA DENVER, INC., n/k/a CENTER FOR EXCELLENCE IN HIGHER EDUCATION, INC., d/b/a COLLEGEAMERICA,

    Defendant.

## ORDER

This case is before me on Plaintiff the EEOC's Motion for Preliminary Injunction [Doc # 202]. After consideration of the motion, all related pleadings, and the case file, as well as the arguments presented at the hearing held on April 30, 2019, I deny the EEOC's motion as set forth below.

### I. Background

1. On March 25, 2013, Defendant CollegeAmerica filed a state court action (the "Larimer County Case") against Debbi D. Potts, whose interests the EEOC represents in this case, alleging that she breached her Separation Agreement and demanding the return of $7,000 paid to her under the Agreement. The Larimer County Case was stayed upon the filing of this action by the EEOC and remained so until late 2018.

2. Prior to trial in this case, the Court dismissed the EEOC's claim for unlawful interference with statutory rights pursuant to § 7(f)(4) of the ADA. The case proceeded to trial on the EEOC's retaliation claim, and the jury returned a verdict in favor of CollegeAmerica. The EEOC filed a post-trial appeal of the dismissal of § its 7(f)(4) claim, and the Tenth Circuit reversed the dismissal based

on a new legal theory that CollegeAmerica presented at trial when it argued that Ms. Potts breached the Separation Agreement by reporting adverse information to the EEOC without first notifying CollegeAmerica. This case is currently set for a 3-day court trial on the EEOC's § 7(f)(4) claim commencing November 18, 2019.

3. The Larimer County Case is set for trial on May 13-14, 2019. On March 22, 2019, the Larimer County Court ordered that trial will proceed on that date "with the exception of hospitalization or death of [a party], counsel, or counsel's immediate family." The Larimer County Court further ordered that any filings other than trial related materials will be stricken. In its statement of the case filed in the Larimer County Case on March 26, 2019, CollegeAmerica stated that the case involved Ms. Potts' promise that she would not "intentionally with malicious intent (publicly or privately) disparage the reputation of CollegAmerica or any of its related entities" and that she breached this promise in statements made to former CollegeAmerica employee, Ken Barnhart, through the social networking site LinkedIn and in email.

4. By the motion filed March 26, 2019, the EEOC requests that CollegeAmerica be preliminarily enjoined from asserting any breach of contract claim under the Separation Agreement, or from otherwise using the Separation Agreement to pursue a claim or judgment against Ms. Potts, including in the pending Larimer County Case.

## II. Analysis

5. A preliminary injunction serves to preserv[e] the relative positions of the parties until a trial on the merits can be held." *DTC Energy Grp., Inc. v. Hirschfeld,* 912 F.3d 1263, 1269-70 (10th Cir. 2018). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council,* 555 U.S. 7, 24 (2008). A party may be granted a preliminary injunction

only when "the right to relief [is] clear and unequivocal." *Schrier v. Univ. of Colo.,* 427 F.3d 1253, 1258 (10th Cir. 2005) (quotations omitted).

6. Under Fed. R. Civ. P. Rule 65, a party seeking a preliminary injunction must show: "(1) the movant is substantially likely to succeed on the merits; (2) the movant will suffer irreparable injury if the injunction is denied; (3) the movant's threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest." *Fish v. Kobach,* 840 F.3d 710, 723 (10th Cir. 2016) ).

7. " '[B]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements will be considered." *First W. Capital Mgmt. Co. v. Malamed,* 874 F.3d 1136, 1141 (10th Cir. 2017) (*quoting Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004) ). "Demonstrating irreparable harm is 'not an easy burden to fulfill.'" *Id.* (*quoting Greater Yellowstone Coal. v. Flowers,* 321 F.3d 1250, 1258 (10th Cir. 2003)). "[T]he movant 'must demonstrate a significant risk that he or she will experience harm that cannot be compensated after the fact by money damages.'" *Id.* (*quoting Fish,* 840 F.3d at 751).

8. The EEOC argues that Ms. Potts will suffer irreparable harm if the Larimer County Case proceeds to trial before the trial in this case because she is unable to pay a $7,000 judgment; would likely lose job opportunities if judgment is entered against her; and could face exacerbated harms of wasted time, stress, and reputational harm if the Larimer County Case had to be tried a second time based on the outcome of trial in this case. The identified potential harms to Ms. Potts are largely speculative and fairly typical of those faced by any defendant who has judgment entered against them.

9. The EEOC also argues that the Larimer County Case is likely to have a chilling effect on other CollegeAmerica employees' willingness to file charges or cooperate with it. As reflected in CollegeAmerica's Amended Complaint, its statement of the case filed with the Larimer County Court, and representations made on the record to this Court, CollegeAmerica's claim against Ms. Potts in the Larimer County Case is limited to the question of whether she breached the Separation Agreement by making disparaging comments against it to its former employee, Ken Barnhart, through the social networking site LinkedIn and in email. By way or relief, CollegeAmerica seeks to recover the $7,000 it paid to Ms. Potts under the terms of the Separation Agreement. It is highly unlikely and speculative that resolution of this limited claim would have a chilling effect on other CollegeAmerica employees or negatively impact the EEOC's ability to pursue its § 7(f)(4) claim in this case. While the EEOC rightly notes that CollegeAmerica has changed its position on the nature of its claim against Ms. Potts throughout the history of this case, Ms. Potts is not without recourse from both this Court and the Larimer County Court should it attempt to do so again in the trial of the Larimer County Case.

10. Because the EEOC has failed to show that either the EEOC or Ms. Potts would suffer irreparable harm if CollegeAmerica was to prevail on its claim in the Larimer County Case before the merits of the EEOC's claim in this case were decided, it is not entitled to the extraordinary remedy of injunctive relief, and I need not give further consideration to the other requisite factors for such relief. *First W. Capital Mgmt. Co.,* 874 F.3d at 1141.

IT IS THEREFORE ORDERED that the EEOC's Motion for Preliminary Injunction [Doc #202] is DENIED.

Dated: April 30, 2019 in Denver, Colorado.

BY THE COURT:

　s/Lewis T. Babcock　　　　
LEWIS T. BABCOCK, JUDGE